# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY WAGENER, | CASE NO. 1:08-cv-00456-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JOHN NAVARROW, et al., | (Doc. 1) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

_____/

### Findings and Recommendations Following Screening of Complaint

**I.    Screening Requirement**

Plaintiff Wendy Wagener ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 31, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6   grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading

7   standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

8   n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9   of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

10  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **II.    <u>Plaintiff's Claim</u>**

12      Plaintiff is housed at the Central California Women's Facility in Chowchilla, where the

13  events at issue in this action allegedly occurred. Plaintiff alleges that Defendant John Navarrow, a

14  correctional officer, removed her personal property from her cell while she was in the hospital and

15  stored it in an unsecured mop closet. Other inmates had access to the closet and numerous items

16  were taken during the three day period of time the property was stored in the mop closet. Plaintiff

17  is seeking reimbursement for the missing items and the removal of the missing items from her

18  property card.

19      To state a claim under section 1983, Plaintiff must allege that (1) Defendant acted under

20  color of state law and (2) Defendant deprived her of rights secured by the Constitution or federal law.

21  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). Although Plaintiff does not

22  specify the basis for her claim, it is the Due Process Clause of the Fourteenth Amendment which

23  protects prisoners from being deprived of property without due process of law. <u>Wolff v. McDonnell</u>,

24  418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. <u>Hansen v.</u>

25  <u>May</u>, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of

26  property is actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13

27  (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422 (1982)); <u>Quick v. Jones</u>, 754 F.2d

28  1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state

employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Here, Plaintiff has remedies available to her under state law.  For that reason, she may not pursue a claim for relief under section 1983 based on the loss of her personal property.

### III.   Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  Because the deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __April 2, 2008__        _____/s/ **Gary S. Austin**_____
                              UNITED STATES MAGISTRATE JUDGE